```
                        UNITED STATES DISTRICT COURT

                              DISTRICT OF NEVADA

                                      * * *
                                          )
JANICE KLEMME, MIGUELA SUAREZ,            )
and LARRY SUHRBIER, individually and      )
on behalf of all others similarly situated,)
                                          )
                Plaintiffs,               )     2:05-CV-01263-PMP-LRL
                                          )
v.                                        )     O R D E R
                                          )
DANIEL K. SHAW, MICHAEL V.                )
VILLAMOR, GREGORY SCHATZMAN,              )
DANIEL K. SHAW as Trustee of the Dan      )
K. Shaw Separate Property Trust, and      )
MARK LOGAN as Trustee of the M&M          )
Domestic Non Grantor Trust,               )
                                          )
                Defendants.               )
                                          )
```

Presently before the Court is Defendant Mark Logan Trustee of the M&M Trust's Motion for Summary Judgment (Doc. #38), filed on December 15, 2006. Plaintiffs' filed an Opposition (Doc. #39) on January 2, 2007. Defendant Mark Logan did not file a reply.

**I.     BACKGROUND**

Plaintiffs bring the present suit as a proposed class action for certain former employees of the Castaways Hotel, Casino and Bowling Center ("Castaways"), which was owned by VSS Enterprises LLC ("VSS"). (Am. Compl. [Doc. #33] at 1-2.) The Castaways ceased operations in January 2004 and VSS filed for bankruptcy. (Id. at 2.) Plaintiffs allege that prior to the Castaways' closing, Plaintiffs had withheld from their wages deductions to pay for medical benefits pursuant to the Castaways' employer-sponsored group plan under the Employee Retirement Income Security Act ("ERISA"),

29 U.S.C. § 1001 et seq. (Id. at 4-5.) According to the Amended Complaint, the Castaways promised to contribute additional sums to the ERISA plan but failed to do so, instead diverting the funds to other uses. (Id. at 5.) As a result, Plaintiffs allege they had to pay their own medical costs that the ERISA plan should have covered. (Id. at 5.)

Plaintiffs allege Defendants Dan K. Shaw ("Shaw"), Michael V. Villamor ("Villamor"), and Gregory Schatzman were fiduciaries of the Castaways ERISA plan. (Id. at 3, 8.) According to the Amended Complaint, Defendants breached their fiduciary duties by intentionally failing to have VSS make the required ERISA contributions for the Castaways plan and by not timely transmitting to the plan all deductions taken from Plaintiffs' wages. (Id. at 5-11.) Plaintiffs further allege Defendants Shaw and Villamor engaged in fraudulent transfers of property to the Dan K. Shaw Separate Property Trust ("Shaw Trust") and M&M Domestic Non Grantor Trust ("M&M Trust"). (Id. at 12-13.)

Defendant Mark Logan ("Logan"), Trustee of the M&M Trust, moves for summary judgment, arguing he is not the alter ego of the Castaways or VSS and therefore was not a plan fiduciary. Defendant Logan also argues ERISA preempts Plaintiffs' state law claim for fraudulent transfer. Plaintiffs respond that they consent to summary judgment on count one, as they never intended to assert this claim against Defendant Logan. Plaintiffs argue that with respect to count two, however, ERISA does not preempt a Nevada state law fraudulent transfer claim.

II.   DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" demonstrate "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law defines which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All justifiable inferences must be viewed in the light most favorable to the non-moving party.

1   County of Tuolumne v. Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).

2   　　　　　The party moving for summary judgment bears the initial burden of showing the
3   absence of a genuine issue of material fact.  Fairbank v. Wunderman Cato Johnson, 212
4   F.3d 528, 531 (9th Cir. 2000).  The burden then shifts to the non-moving party to go beyond
5   the pleadings and set forth specific facts demonstrating there is a genuine issue for trial.
6   Id.; Far Out Prods., Inc. v. Oskar, 247 F.3d 986, 997 (9th Cir. 2001).

7   　　　　　ERISA preempts state laws that "relate to" any employee benefit plan.  29 U.S.C.
8   § 1144(a).  To determine whether a state law relates to an employee benefit plan, courts
9   evaluate whether the state law has a connection with or a reference to employee benefit
10  plans.  S. Cal. IBEW-NECA Trust Funds v. Standard Indus. Elec. Co., 247 F.3d 920, 925
11  (9th Cir. 2001).  Courts analyze ERISA's objectives and the effect of the state law on
12  ERISA plans to determine whether a state law has a connection with ERISA plans.  Id.  A
13  state law refers to an employee benefit plan if it "acts immediately and exclusively upon the
14  plans or if the plans are essential to the law's operation."  Id.  Additionally, a state law
15  claim may be preempted based on the effect it has on an ERISA governed relationship.  Id.
16  at 927.  "A state statute will not be preempted if it has a tenuous, remote or peripheral
17  connection with ERISA plans."  Id.

18  　　　　　ERISA does not preempt a state law of general application that makes no
19  reference to, and functions irrespective of, the existence of an ERISA plan.  See
20  Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139-40 (1990).  For example, ERISA
21  provides no mechanism for the enforcement of judgments and thus "state-law methods for
22  collecting money judgments must, as a general matter, remain undisturbed by ERISA . . . ."
23  Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833-34 (1988).  As a
24  result, ERISA does not preempt a state law garnishment action against an employee benefit
25  plan or a state payment bond remedy.  Id. at 841; S. Cal. IBEW-NECA Trust Funds, 247
26  F.3d at 926.  Some courts specifically have found ERISA does not preempt state law

1  fraudulent conveyance statutes because they are laws of general application which do not
2  refer to ERISA, function independently of ERISA, and fill gaps in ERISA's provisions
3  relating to enforcing judgments.  See Cent. States, S.E. & S.W. Areas Pension Fund v.
4  LaCasse, 254 F. Supp. 2d 1069, 1071-72 (C.D. Ill. 2003); Oregon Laborers-Employers
5  Health & Welfare Trust Fund v. All State Indus. & Marine Cleaning, Inc., 850 F. Supp.
6  905, 910 (D. Or. 1994).

       Nevada's fraudulent transfer statute[1] does not have a connection with or refer to employee benefit plans because it does not act immediately and exclusively upon the plans and the plans are not essential to the fraudulent transfer statute's operation.  Rather, Nevada's fraudulent transfer statute is a law of general applicability governing the debtor-creditor relationship that functions irrespective of the existence of ERISA plans.  While ERISA may provide the context in which the debtor becomes liable to the creditor, the fraudulent transfer statute is a procedural mechanism by which a creditor may attempt to ensure assets exist against which to enforce a judgment.  As such, it is similar to other state laws of general application relating to the enforcement of judgments which ERISA does not preempt, such as garnishment or a payment bond remedy.  The Court therefore will deny Defendant Logan's motion for summary judgment on count two of Plaintiffs' Amended Complaint.

///
///
///
///
///
///

---

[1] Nevada Revised Statute § 112.190.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Mark Logan Trustee of the M&M Trust's Motion for Summary Judgment (Doc. #38) is hereby GRANTED in part and DENIED in part.  The motion is granted with respect to count one of Plaintiffs' Amended Complaint as to Defendant Mark Logan, Trustee of the M&M Trust only.  The motion is denied as to count two of Plaintiffs' Amended Complaint.

DATED:   March 15, 2007.

_____
PHILIP M. PRO
United States District Judge